```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                        AT BLUEFIELD

C.L.,

     Plaintiff,

v.                                CIVIL ACTION NO. 1:19-00792

DAVID R. WILSON, FPC Alderson;
et al.,

     Defendants.
```

<u>**MEMORANDUM OPINION AND ORDER**</u>

Pending before the court are defendant Jerrod S. Grimes' ("Grimes") Plea in Abatement to the Summons, (ECF No. 9), plaintiff's motion to strike Grimes' motion, (ECF No. 17), Grimes' motion for show cause, (ECF No. 22), and defendant United States of America's motion to dismiss plaintiff's claim for attorney's fees asserted against the United States. (ECF No. 27.)

**A.   Grimes' Plea in Abatement, Plaintiff's Motion to Strike, and Grimes' Motion for Show Cause**

In defendant Grimes' Plea in Abatement, he appears to argue that plaintiff does not have standing to sue him because he is insolvent and he is, somehow, a separate entity from the defendant Grimes being sued (i.e. himself). (<u>See</u> ECF No. 9.) Defendant Grimes is representing himself pro se. "A document filed *pro se* is 'to be liberally construed.'" <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007) (quoting <u>Estelle v. Gamble</u>, 429

U.S. 97, 106 (1976)).  However, even liberally construing Grimes'
filing, the court cannot find any legitimate legal ground to
support his motion.  If defendant Grimes wishes to file a motion
to dismiss that makes a cognizable legal claim, he may do so.  As
for the instant motion, Grimes' motion, (ECF No. 9), is hereby
**DENIED,** and plaintiff's motion to strike, (ECF No. 17), is
**GRANTED**.  Grimes' motion for show cause, (ECF No. 22), which
seeks a court order requiring plaintiff to show why the plea in
abatement should not be granted, is likewise **DENIED.**

**B.   United States' Motion to Dismiss**

     Defendant United States asks the court to dismiss
plaintiff's claim for attorney's fees against the United States
because such claims are barred by the Federal Tort Claims Act
("FTCA").  (ECF No. 27.)  Plaintiff does not oppose the United
States' motion.  (See ECF No. 30.)  Therefore, the court **GRANTS**
the United States' motion.  See Joe v. United States, 772 F.2d
1535, 1536–37 (11th Cir. 1985) ("The doctrine of sovereign
immunity bars an award of attorneys' fees against the United
States unless there is express statutory authorization . . . The
FTCA does not expressly provide for attorneys' fees against the
United States.").

The Clerk is directed to forward a copy of this Memorandum Opinion and Order to counsel of record and any unrepresented parties.

**IT IS SO ORDERED** this 9th day of September, 2020.

ENTER:

David A. Faber
Senior United States District Judge