UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

C.L.,

    **Plaintiff,**

v.                             CIVIL ACTION No. 1:19-00792

DAVID R. WILSON, et al.,

    **Defendants.**

### MEMORANDUM OPINION AND ORDER

Pending before the court is plaintiff's motion for leave to amend her Complaint.  (ECF No. 52).  In the motion to amend, plaintiff seeks leave of the court to add Nakamoto Group, Inc. as a defendant in this case for its alleged negligence in performing its auditing functions under the Prison Rape Elimination Act of 2003 ("PREA").  Plaintiff did not attach a copy of a proposed amended complaint to her motion.  No defendant has responded to the motion to amend.

Under Rule 15(a) of the Federal Rules of Civil Procedure, unless a party is permitted to amend its pleading as a matter of course, it "may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires."  In <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962), the United States Supreme Court noted that amendment under Rule 15(a) should be freely given absent "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously

allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc."

However, "[o]nce the scheduling order's deadline for amendment of the pleadings has passed, a moving party first must satisfy the good cause standard of Rule 16(b) [of the Federal Rules of Civil Procedure].  If the moving party satisfies Rule 16(b), the movant then must pass the tests for amendment under Rule 15(a)." Marcum v. Zimmer, 163 F.R.D. 250, 254 (S.D.W. Va. 1995) (citing Lone Star Transp. Corp. v. Lafarge Corp., Nos. 93-1505, 93-1506, 1994 WL 118475 (4th Cir. April 7, 1994)).  Because the motion to amend was filed prior to the deadline for the amendment of pleadings contained in the scheduling order, Rule 16(b)'s good cause requirement need not be satisfied in this instance.

After a review of the record, the court concludes that there has been no undue delay, bad faith, or dilatory motive on the part of plaintiff in filing her motion to amend.  Furthermore, the court finds that defendants would not suffer undue prejudice by the filing of the amended complaint.

Likewise, at this juncture, the court cannot find that plaintiff's claims against Nakamoto Group would be futile.  While the claims may ultimately be subject to dismissal or the entry of judgment in defendant's favor, it is not clear at this point in the proceeding that such a claim is futile.  See, e.g.,

2

<u>Smithfield Foods, Inc. v. United Food & Commercial Workers</u> <u>Intern. Union</u>, 254 F.R.D. 274, 280 (E.D. Va. 2008) ("Further, even where the possibility of relief is remote, leave to amend is to be permitted because it is the possibility of recovery, and not its likelihood, that guides this Court's analysis.").

Based on the foregoing, plaintiff has established that she is entitled under Rule 15 to amend her Complaint.  Accordingly, the motion to amend is **GRANTED**.  Plaintiff should file her amended complaint within five (5) business days of this Order.

The Clerk is directed to send copies of this Memorandum Opinion and Order to all counsel of record and unrepresented parties.

**IT IS SO ORDERED** this 24th day of September, 2020.

ENTER:

David A. Faber
Senior United States District Judge