IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BLUEFIELD DIVISION

| | |
|---|---|
| **C.L.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 1:19-cv-00792 |
| ) | |
| **DAVID R. WILSON,** *et al.*, ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

### DEFENDANT NAKAMOTO GROUP INC.'S MEMORANDUM OF LAW
### IN SUPPORT OF ITS MOTION TO DISMISS

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant Nakamoto Group, Inc. ("Nakamoto" or "Defendant") respectfully submits this Memorandum of Law in Support of its Motion to Dismiss (the "Motion").

### INTRODUCTION

Defendant Nakamoto seeks dismissal of the two claims brought against it—breach of contract and negligence—on multiple grounds. *First*, on the breach of contract claim there is no contract between Plaintiff and Nakamoto. As Plaintiff states in the Amended Complaint, Nakamoto has a contract with the U.S. Government, not with the Plaintiff. Under West Virginia law, a third-party can only pursue a breach of contract action if it is the "sole beneficiary" of the contract. As Nakamoto's contract covers hundreds of audits, Plaintiff is clearly not the "sole beneficiary" of the contract and cannot bring a third-party claim. *Second*, for the negligence claim, West Virginia law is clear that there is no tort liability where the alleged duties breached arose solely from the contract. Plaintiff does not plead that Nakamoto had any duties or obligations other than those that arose from the contract. *Third*, Plaintiff's negligence claim is also barred by the

statute of limitations. Nakamoto performed two audits at FPC Alderson: one in July 2015 and the second in 2017. In addition, Plaintiff alleges that her personal injuries ceased in December 2017. As Plaintiff's Amended Complaint against Nakamoto was filed more than two years after the second audit and her alleged injuries, her negligence claim is barred by the statute of limitations.

## FACTUAL BACKGROUND

Nakamoto is a federal contractor and formerly certified in the Small Business Association's 8(a) Business Development Program. *See* Am. Compl. ¶ 183, ECF No. 73. Nakamoto was issued Contract No. DJBP0700NAS092 (the "Contract") by the Federal Bureau of Prisons on October 1, 2014. *See id.* ¶ 184. The Contract was for a base year plus four option years.[1] The maximum total value of the Contract with all option years was $943,805.14. Under the terms of the Contract, Nakamoto would conduct thirty (30) or thirty-four (34) PREA audits each year. Nakamoto was paid an average of approximately $6,000 per audit.

The Contract required Nakamoto to comply with Department of Justice Final Rule, 28 C.F.R. Part 155—the regulations promulgated under the Prison Rape Elimination Act ("PREA"). Pursuant to the Contract's Statement of Work ("SOW"), a Federal Prison Camp ("FPC") audit would consist of 3 days on-site with one auditor. *See id.* ¶ 167. Under the terms of the SOW, each facility provided Nakamoto all PREA related documents approximately six weeks prior to the site visit. The preliminary audit report was due thirty (30) days after the audit; with the final report due thirty (30) days after any corrective action period, if needed.

The scope of a PREA audit is dictated by 28 C.F.R. § 115.401. Pursuant to this regulation, the Department of Justice ("DOJ") has developed an audit instrument to provide guidance on the

---

[1] The Contract is available at https://govtribe.com/award/federal-idv-award/indefinite-delivery-contract-djbp0700nas092.

conduct and contents of the audit. *See* 28 C.F.R. § 115.401(d). This audit instrument consists of a Pre-Audit Questionnaire, an Auditor Compliance Tool, an auditor reporting template, interview protocols, site review instructions and a checklist of required documentation. DOJ has also published an audit process map. PREA auditors are required to use and follow these audit documents. This instrument is published by DOJ's Bureau of Justice Assistance.[2] Nakamoto followed these DOJ guidelines for each audit, including the audits of FPC Alderson.

The PREA regulations also establish auditor qualifications. *See* 28 C.F.R. § 115.402. Under these regulations, DOJ must also implement an auditor training and certification process. All auditors must be certified by DOJ. *See* 28 C.F.R. § 115.402(b).

According to Plaintiff, Nakamoto conducted two audits of FPC Alderson under the Contract: one in 2015 and one in 2017. *See* Am. Compl. ¶ 160, ECF No. 73. The 2015 Audit was conducted on July 28-30, 2015 and the Final Audit Report was issued on August 5, 2015.[3] The auditors were certified by DOJ and these audits followed the guidance and directives published by DOJ.

Plaintiff alleges that she was sexually abused by Defendant Jared R. Grimes, who at the time was a correctional officer at FPC Alderson. *See id.* ¶¶ 45–109. She alleges the abuse started around April 2017, and that Defendant Grimes resigned on December 21, 2017. *See id*. On November 1, 2019, Plaintiff initially brought suit against various correctional officers and the United States of America. *See generally* Compl., ECF No. 1. Plaintiff later filed an Amended Complaint on September 29, 2020, which added Nakamoto as a defendant and asserted breach of contract and negligence claims against Nakamoto. *See generally* Am. Compl., ECF No. 73.

---

[2] The audit instrument can be found at https://www.prearesourcecenter.org/audit/paper-audit-instruments.

[3] The 2015 Final Audit Report is attached hereto as Exhibit A. The report was published by the Bureau of Prisons and is available at https://www.bop.gov/locations/institutions/ald/ALD_prea.pdf.

Plaintiff served the Amended Complaint on Nakamoto on October 13, 2020. *See* Return of Service, ECF No. 85.

## STANDARD OF REVIEW

To survive a motion to dismiss under Rule 12(b)(6), Plaintiff must plead enough facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Factual allegations, although generally assumed true, must still "be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The Amended Complaint must give Defendants fair notice of the claims against them and the grounds on which they rest, and those claims must support recovery under a viable legal theory. *Volvo Trucks of N. Am., Inc. v. United States*, 367 F.3d 204, 208 (4th Cir. 2004).

The Court need not accept legal conclusions as true, nor any "unwarranted inferences, unreasonable conclusions, or arguments." *Kloth v. Microsoft Corp.*, 444 F.3d 312, 319 (4th Cir. 2006) (citations omitted). Nor should the Court "credit allegations that offer only 'naked assertions devoid of further factual enhancement.'" *United States ex rel. Oberg v. Pennsylvania Higher Educ. Assistance Agency*, 745 F.3d 131, 136 (4th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). Last, the Court need not accept as true allegations that conflict with exhibits properly before the Court or "matters properly subject to judicial notice." *Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir. 2002). The Court can also consider documents "incorporated into the complaint by reference" that are authentic and integral to the complaint. *See Oberg*, 745 F.3d at 136.

In this matter, the Court can take judicial notice of the 2015 audit report because it is a public record. *See Clatterbuck v. City of Charlottesville*, 708 F.3d 549, 557–558 (4th Cir. 2013) ("[C]ourts may consider relevant facts obtained from the public record, so long as these facts are

4

construed in the light most favorable to the plaintiff along with the wellpleaded allegations of the complaint." (quotations omitted)); *Philips v. Pitt Cty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) ("In reviewing a Rule 12(b)(6) dismissal, we may properly take judicial notice of matters of public record."). Specifically, the PREA Regulations provide that the Agency (not the auditor) can publish the final audit report on its website or can otherwise make the report "readily available to the public." 28 C.F.R. § 115.403. The 2015 audit report is currently available online in accordance with this regulation. The Court can also consider the 2015 audit and the Contract because Plaintiff bases her claims on those documents and thus they are incorporated into and integral to her Amended Complaint.

**ARGUMENT**

### I.     Breach of Contract (Count VI)

Plaintiff's breach of contract claim is based on the allegation that Nakamoto's Contract with the Bureau of Prisons "was made and intended for the benefit of plaintiff *as a member of the class* definitely and clearly within the terms of the contract." Am. Compl. ¶ 191, ECF No. 73 (emphasis added). West Virginia law does not allow this type of third-party beneficiary breach of contract claim. West Virginia Code § 55-8-12 states that if a contract:

> be made for the *sole* benefit of a person with whom it is not made, or with whom it is made jointly with others, such person may maintain, in his own name, any action thereon which he might maintain in case it had been made with him only, and the consideration had moved from him to the party making such covenant or promise.

(emphasis added). The Supreme Court of Appeals of West Virginia has "repeatedly applied this statute and have consistently given force to the 'sole benefit' requirement." *E. Steel Constructors, Inc. v. City of Salem*, 549 S.E.2d 266, 277 (W. Va. 2001). The Court "has held that in order for a contract concerning a third party to give rise to an independent cause of action in the third party, it must have been made for the third party's sole benefit." *Robinson v. Cabell Huntington Hosp.,*

5

*Inc.*, 498 S.E.2d 27, 32 (W. Va. 1997) (quotations omitted).

As the Amended Complaint alleges, Nakamoto's Contract is to conduct audits of numerous Bureau of Prisons facilities. *See* Am. Compl. ¶¶ 184, 186, ECF No. 73. Within these individual facilities, there are at least hundreds of individuals who benefit from the terms of the Contract. *See id.* ¶ 191. As such, the Contract is not made for the "sole benefit" of Plaintiff. Therefore, under the plain language of the statute, as long interpreted by the courts, Plaintiff cannot bring a third-party beneficiary contract claim. Thus, Plaintiff's breach of contract claim should be dismissed as a matter of law. *See Nidy v. United States Bancorp Gov't Leasing & Fin., Inc.*, No. 2:18-CV-01061, 2019 WL 2537418, at *5 (S.D. W. Va. June 19, 2019) (Copenhaver, J.) (dismissing a breach of contract claim where there is "no allegation of fact to support the contention that the contracts were entered into for the 'sole benefit' of [the] plaintiff.").

## II.   Negligence (Count V)

### A. Because Nakamoto's liability arises solely from the Contract, Plaintiff cannot maintain a negligence claim against Nakamoto.

Plaintiff's negligence claim is based on Nakamoto's "duty of care to conduct its audits with ordinary skill, care and diligence[.]" Am. Compl. ¶ 169, ECF No. 73. The Amended Complaint further alleges that "Nakamoto generally failed to conduct its audits at FPC Alderson with the level of care imposed upon it by law[.]" *Id.* ¶ 177. Indeed, Plaintiff's entire negligence claim is based on Nakamoto allegedly failing to meet the PREA audit standards. *See id.* ¶¶ 165–181. However, as the Amended Complaint also states, the Bureau of Prisons "***contracted*** with Nakamoto to carry out inspections of FPC Alderson in accordance with the standards mandated by PREA." *Id.* ¶ 159. The Amended Complaint is clear that all of Nakamoto's alleged duties arose from the Contract.

Under West Virginia law,

recovery in tort ***will be barred if any*** of the following factors is demonstrated:

> (1) where liability arises solely from the contractual relationship between the parties; (2) when the alleged duties breached were grounded in the contract itself; (3) where any liability stems from the contract; and (4) when the tort claim essentially duplicates the breach of contract claim or where the success of the tort claim is dependent on the success of the breach of contract claim.

*Christie v. Estate of Walraven*, No. 2:18-CV-1458, 2019 WL 2338540, at *3 (S.D. W. Va. May 31, 2019) (Copenhaver, J.) (quotations omitted) (emphasis added). In this case, all of these factors exist.

Absent the Contract, Nakamoto would not have any duty of care to Plaintiff or any other inmate in Alderson. Tort liability involves a legal duty imposed due to the relationship of the parties. *Id*. Without the Contract, there is no relationship between Nakamoto and Plaintiff. All of the Amended Complaint's allegations are that Nakamoto breached the audits' standard of care. The audits' requirements are all grounded in the Contract. Lastly, without the Contract, there is no liability, as absent a breach of contract, Nakamoto cannot be deemed to have failed its audit requirements.

Plaintiff's negligence action is "'simply [a] breach of contract claim[] masquerading as' [a] tort claim[.]" *Dan Ryan Builders, Inc. v. Crystal Ridge Dev., Inc*., 783 F.3d 976, 982 (4th Cir. 2015) (quoting *Gaddy Eng'g Co. v. Bowles Rice McDavid Graff & Love*, *LLP*, 746 S.E.2d 568, 577 (W. Va. 2013)). Thus, Plaintiff's negligence claim should be dismissed as a matter of law. *See Christie*, 2019 WL 2338540, at *4.

### B. The negligence claim is barred by the statute of limitations.

This Court can dismiss a complaint based on a meritorious affirmative defense where the defense is clear on the face of the complaint. *See Brockington v. Boykins*, 637 F.3d 503, 506 (4th Cir. 2011) ("Although a motion pursuant to Rule 12(b)(6) invites an inquiry into the legal sufficiency of the complaint, not an analysis of potential defenses to the claims set forth therein,

dismissal nevertheless is appropriate when the face of the complaint clearly reveals the existence of a meritorious affirmative defense." (quotations omitted)). Here, Plaintiff identifies when the audits were performed and when the alleged sexual abuse ended. Accordingly, the statute of limitations defense discussed further below is sufficiently raised in Plaintiff's Amended Complaint.

Plaintiff's negligence action against Nakamoto arises from personal injury, thus the applicable statute of limitations is two years under West Virginia Code § 55-2-12(b):

> Every personal action for which no limitation is otherwise prescribed shall be brought: (a) Within two years next after the right to bring the same shall have accrued, if it be for damage to property; **(b) within two years next after the right to bring the same shall have accrued if it be for damages for personal injuries;** and (c) within one year next after the right to bring the same shall have accrued if it be for any other matter of such nature that, in case a party die, it could not have been brought at common law by or against his personal representative.

W. Va. Code § 55-2-12 (emphasis added); *see also Harrison v. Davis*, 478 S.E.2d 104, 108 n.8 (W. Va. 1996) ("Personal injury actions are governed by the general tort statute of limitations found in W. Va. Code, 55-2-12(b) (1959)[.]"); *Morales v. Robinson*, No. 2:05-0509, 2007 U.S. Dist. LEXIS 25992, at *12–13 (S.D. W. Va. Apr. 6, 2007) (Copenhaver, J.) (concluding that prisoner's state law personal injury claims arising from sexual assault by correctional officer was governed by two-year statute of limitations under West Virginia § 55-2-12(b)).

As the Amended Complaint notes, Nakamoto's audits took place in 2015 and 2017. *See* Am. Compl. ¶ 160, ECF No. 73. Plaintiff also alleges that "Nakamoto's breaches of its duty of care . . . occurred prior to defendant Grimes' sexual misconduct." *Id.* ¶ 178. The Amended Complaint states that Grimes' first instance of sexual assault against Plaintiff occurred in April 2017. *Id.* ¶ 52. The Amended Complaint states that Grimes' sexual assaults ended on December 21, 2017. *See id.* ¶ 112. Viewed in the light most favorable to Plaintiff, Nakamoto's alleged

negligence occurred prior to the end of 2017, her injuries ceased on December 21, 2017, and thus she had until December 21, 2019 to file suit against Nakamoto.

Plaintiff's Amended Complaint, which was the first instance of claims against Nakamoto, was filed on September 29, 2020. At a minimum, the Amended Complaint was filed 33 months after Nakamoto's alleged negligence and nine months after the statute of limitations expired. Thus, Plaintiff's negligence claim is time-barred and should be dismissed as a matter of law.

Plaintiff may argue that her Amended Complaint against Nakamoto relates back to her original Complaint under Rule 15(c)(1)(C), which provides as follows:

> **(c) Relation Back of Amendments.**
>
> (1) *When an Amendment Relates Back.* An amendment to a pleading relates back to the date of the original pleading when:
>
>> (A) the law that provides the applicable statute of limitations allows relation back;
>>
>> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; or
>>
>> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) **[90 days]** for serving the summons and complaint, the party to be brought in by amendment:
>>
>>> (i) **received such notice of the action that it will not be prejudiced in defending on the merits**; **and**
>>>
>>> (ii) knew or should have known that the action would have been brought against it, **but for a mistake** concerning the proper party's identity.

Fed. R. Civ. P. 15 (emphasis added).

Rule 15(c)(1)(C) essentially has three requirements: (1) the claim must arise from the same conduct, transaction, or occurrence set forth in the original Complaint; (2) within **90 days** of the

9

filing of the **original** Complaint, the defendant must have received notice of the action such that it would not be prejudiced defending the merits; and (3) within **90 days** of the filing of the **original** Complaint, the defendant knew or should have known that it would have been brought in earlier but for a mistake concerning its identity. *See id.*; *see also Tatum v. RJR Pension Inv. Comm.*, 761 F.3d 346, 371 (4th Cir. 2014). "[W]hen relation back is required to satisfy the statute of limitations, the burden is on the plaintiff to prove that Rule 15(c) is satisfied." *Young v. Lacy*, No. 1:17-cv-03633, 2019 U.S. Dist. LEXIS 232496, at *17 (S.D. W. Va. Dec. 4, 2019) (Eifert, M.J.) (quotations omitted).

As an initial matter, Rule 15(c)(1)(C) only permits an amendment when the plaintiff has made a mistake concerning the proper identity of the defendant. *See id.* ("[T]he law allows relation back when a plaintiff misnamed the party that the plaintiff actually intended to sue, and the party is already included in the lawsuit, albeit by the wrong name."). Plaintiff is not simply trying to substitute Nakamoto for "a mistakenly named existing defendant", but trying to *add* Nakamoto because she did not know who to sue or decided not to find out before the limitations period expired. *See id.* at * 18. A lack of knowledge is not the type of "mistake" that Rule 15(c)(1)(C) was intended to correct. *See id.*; *see also Thompson v. Dollar Tree Stores, Inc.*, No. PWG-17-3727, 2019 U.S. Dist. LEXIS 16212, at *14 (D. Md. Feb. 1, 2019) ("But, Thompson's failure to identify American Greetings as a defendant stemmed from a lack of knowledge, not a misnomer, and therefore does not qualify as the kind of 'mistake' that allows relation back under Rule 15(c)." (quotations omitted)).

In addition, Plaintiff cannot satisfy Rule 15(c)(1)(C)'s notice requirements. Specifically, Nakamoto has to receive notice of the pending action within 90 days after the original Complaint was filed. *See* Fed. R. Civ. P. 15(c)(1)(C) (providing that the notice requirements must be satisfied

"within the period provided by Rule 4(m) [90 days] for serving the summons and complaint"); *see also White v. City of Hagerstown*, No. JKB-18-3232, 2020 U.S. Dist. LEXIS 99190, at *16 (D. Md. June 5, 2020) ("[T]his is not a case in which the plaintiff's diligence in providing notice to the 'John Doe' defendant within the presumptive Rule 4(m) 90-day period for the completion of service might support an exception."). Here, the original Complaint was filed November 1, 2019, and thus the 90-day period expired on January 30, 2020. *See generally* Compl., ECF No. 1. However, Nakamoto was not served with the Amended Complaint until October 13, 2020, approximately **eight months** after the 90-day period expired. Accordingly, Plaintiff cannot meet the requirements of Rule 15(c)(1)(C) and her negligence claim is time-barred by the statute of limitations.

## CONCLUSION

For the foregoing reasons, Defendant Nakamoto respectfully requests that the Court issue an order dismissing Plaintiff's counts for breach of contract and negligence against it with prejudice.

Respectfully submitted,
**NAKAMOTO GROUP, INC.**

**By Counsel:**

*s/ Shanna L. Brown*
W. Jeffrey Vollmer (WVSB #10277)
Shanna L. Brown (WVSB #12516)
GOODWIN & GOODWIN, LLP
300 Summers Street, Suite 1500
Charleston, WV 25301
Tel: (304) 346-7000
Fax: (304) 344-9692
wjv@goodwingoodwin.com
slb2@goodwingoodwin.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BLUEFIELD DIVISION**

| | |
|---|---|
| C.L., | ) |
|     Plaintiff, | ) |
| v. | ) Case No. 1:19-cv-00792 |
| DAVID R. WILSON, *et al.*, | ) |
|     Defendants. | ) |

**CERTIFICATE OF SERVICE**

    I, Shanna L. Brown, hereby certify that a true and correct copy of the foregoing **DEFENDANT NAKAMOTO GROUP, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS** has been served this 9th day of December, 2020, via the Court's electronic filing system, CM/ECF, upon the following:

L. Dante DiTrapano
Benjamin D. Adams
Alexander D. McLaughlin
CALWELL LUCE DITRAPANO
Law and Arts Center West
500 Randolph Street
Charleston, WV 25302
P: 304-343-4323
F: 304-344-3684
dditrapano@cldlaw.com
badams@cldlaw.com
amclaughlin@cldlaw.com

Anthony I. Werner
JOHN & WERNER LAW OFFICES
Board of Trade Building, Suite 200
80-12th Street
Wheeling, WV 26003
P: 304-233-4380
F: 304-233-4387
Email: awerner@johnwernerlaw.com

Steven K. Nord
OFFUTT NORD
P. O. Box 2868
Huntington, WV 25728-2868
P: 304/529-2868
F: 304/529-2999
sknord@offuttnord.com
*Counsel for Defendant David R. Wilson*

J. Victor Flanagan
Ashley Justice Tucker
Daniel J. Burns
PULLIN FOWLER FLANAGAN BROWN & POE
252 George Street
Beckley, WV 25801
P: 304-254-9300
F: 304-255-5519
vflanagan@pffwv.com
atucker@pffwv.com
dburns@pffwv.com
*Counsel for Defendant Correctional Officers
Amy Crawford, Gina Honaker*

| | |
|---|---|
| Jay T. McCamic | Fred B. Westfall , Jr. |
| MCCAMIC LAW FIRM | Jason S. Bailey |
| P. O. Box 151 | Jennifer M. Mankins |
| Wheeling, WV 26003 | UNITED STATES ATTORNEY'S OFFICE |
| P: 304-238-9460 | P. O. Box 1713 |
| jay@mccamic.com | Charleston, WV 25326-1713 |
| *Counsel for Plaintiff* | P: 304/345-2200 |
| | F: 304/347-5443 |
| | fred.westfall@usdoj.gov |
| | jason.bailey2@usdoj.gov |
| | jennifer.mankins@usdoj.gov |
| | *Counsel for Defendant Lieutenant Workman and The United States of America* |

   I, Shanna L. Brown, hereby certify that a true and correct copy of the foregoing **DEFENDANT NAKAMOTO GROUP, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS** has been served this 9th day of December, 2020, via U.S. Mail, upon the following:

| | |
|---|---|
| Defendant Lieutenant Scott Hall (pro se) | Defendant Jerrod R. Grimes (pro se) |
| 161 Woodson Avenue | 70310-018 |
| Alderson, WV 24910 | BASTROP FEDERAL CORRECTIONAL INSTITUTION |
| | P. O. Box 1010 |
| | Bastrop, TX 78602 |

                *s/ Shanna L. Brown*
                Shanna L. Brown (WVSB #12516)